Filed in open court 11/23/05 (ew)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Criminal Action No. 05-95-MPT** |
| | : | |
| LONYAE S. LOPER, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney for the District of Delaware, and Eleni Kousoulis, Esquire, attorney for the defendant, the following agreement is hereby entered into by the respective parties:

1.      The defendant, LONYAE S. LOPER, agrees to plead guilty to Count I of the Information in the above case. Count I of the Information charges the defendant with knowingly converting to her own use money in the sum of $430 that came under her control in the execution of her employment with the Postal Service, in violation of 18 U.S.C. § 1711. The elements of the offense, which the Government would be required to prove beyond a reasonable doubt at trial, are that: (i) on the date of the offense, the defendant was employed by the Postal Service; (ii) the defendant knowingly converted to her own use money of another; and (iii) the converted monies came under the defendant's control in the execution of her employment with the Postal Service. The maximum penalties for Count I of the Information are a term of imprisonment of one year, a $100,000 fine, or both, one year of supervised release, and a $25.00 special assessment.

2.      The defendant knowingly, voluntarily and intelligently admits that on June 16, 2004, in the District of Delaware, she was employed as a postal clerk at the United States Post Office in Woodside, Delaware, and on that same day, she knowingly misappropriated funds in the amount of $430 from a postal money order she improperly issued.

3.      The defendant agrees to pay the $25.00 special assessment at the time of sentencing.

4.      Based on information known by the Government to date, at the time of sentencing the Government agrees to move for a two (2) level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1.

5.      The defendant understands that at sentencing, the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

6.      The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including an appeal.

7.      It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties, that this Memorandum may be modified only in a written agreement signed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

Eleni Kousoulis, Esquire
Attorney for Defendant

By: _____
    Adam Safwat
    Assistant United States Attorney

_____
Lonyae S. Loper
Defendant

Dated: November 23, 2005

* * *

AND NOW this 23 day of November, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF DELAWARE

3